UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUSTIN KATDEEM BORDEN, <br> AIS 282077, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER GORDY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:23-CV-325-KFP <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Justin Borden, proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action on May 15, 2023. *See* Doc. 1. Defendants have since filed an Answer and a Special Report with supporting evidentiary materials denying Plaintiff's allegations. Doc. 23. On January 17, 2024, the Court ordered Plaintiff to file a response to Defendants' materials by February 7, 2024, and cautioned Plaintiff that a failure to respond would result in dismissal. Doc. 24. To date, Plaintiff has not responded to Defendants' materials or otherwise complied with the Court's Order. Therefore, the Court concludes this case should be dismissed.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102

(11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on Plaintiff's failure to prosecute this case and obey court orders, this case is dismissed without prejudice.

A final judgment will be entered separately.

DONE this 11th day of March, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE